*722 OPINION
PER CURIAM.
Appellant Jimmie L. Cook, proceeding pro se, appeals the order of the District Court dismissing his complaint for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted. For the following reasons, we will affirm.
I.
On January 14, 2008, Cook filed a motion to proceed in forma pauperis (“IFP”) and a complaint seeking to pursue a civil rights action. Cook alleges that he and a friend, Linda May, were subjected to mistreatment by the owner of a video rental store and a cashier during an incident at the store. According to the complaint, Cook and May went to the video store, where May became engaged in a dispute with the cashier over whether she owed a late fee. Several days later, Cook and May returned to the store, and Cook became embroiled in a confrontation with a different cashier. The cashier called the store owner, who in turn called the police. Cook complains that the police officers treated him rudely and refused to let him explain what happened, repeatedly telling him to “shut up.” The owner arrived and told the officers that he would resolve the situation. Cook asserts that the owner assaulted him, attempted to provoke him into a physical confrontation, and ordered him to leave the store.
Later that evening, May attempted to report the incident to the local chief of police, and to one of the officers who had responded to the owner’s call. Cook complains that the police chief failed to return May’s call; he admits that the officer did return the call, although May was not present to receive it. May also requested that a police cruiser be sent to her residence so that she could file a complaint, but her request was denied.
Cook filed this complaint in January 2008, claiming that the defendants’ conduct was motivated “only because of his freedom of speech and his skin color, African American.” He also states that the local police chief and responding officers conspired with the store owner to discriminate against him, and neglected their official duties. On November 10, 2008, the District Court granted Cook IFP status and dismissed the complaint for lack of subject matter jurisdiction, or, in the alternative, failure to state a claim upon which relief can be granted. Cook filed his notice of appeal on January 23, 2009.
II.
We have jurisdiction under 28 U.S.C. § 1291,[1] Our review of the District Court’s sua sponte dismissal of Cook’s complaint pursuant to § 1915(e)(2)(B) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir.2000). We must accept as true all of the allegations contained in the complaint and draw all inferences from the facts alleged in the light most favorable to the plaintiff. See Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008). A plaintiff must allege in his complaint “ ‘enough facts to raise a reasonable expectation that discovery will reveal evidence *723 of the necessary element[s]” of a cause of action. Id. at 234 (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). We may affirm the District Court’s order on any basis supported by the record. See Fairview Township v. EPA, 773 F.2d 517, 525 n. 15 (3d Cir.1985).
III.
The District Court correctly concluded that Cook failed to state a claim. A plaintiff asserting a civil rights action must show that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). Private conduct is excluded, “no matter how discriminatory or wrongful.” Id. Cook’s complaint concerns conduct by private individuals, and therefore does not state a cognizable claim. To the extent that Cook claims that the police conspired with the video store owner and employee to discriminate against him because of protected speech or his race, we agree with the District Court that the allegations are conclusory and thus do not state a plausible claim for relief. See Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).[2]
We see no indication in the record that the District Court gave Cook an opportunity to amend his complaint after its initial screening. “[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to [ ] dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.” Alston v. Parker, 363 F.3d 229, 235 (3d Cir.2004); see also Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002). Nor does the District Court speak to the inequity or futility of such an amendment in its opinion. Nonetheless, after careful review of the record and Cook’s brief on appeal, we conclude that amendment would have been futile.
VI.
For the foregoing reasons, we will affirm the District Court’s judgment.

. Had the District Court’s order not run afoul of the “separate document” requirement of Federal Rule of Civil Procedure 58(a), Cook’s appeal would be untimely. Cook filed his notice of appeal on January 23, 2009, more than thirty days after the District Court's November 10, 2008 order dismissing his Complaint. He did not file a motion seeking to extend time, nor has he alleged that he did not receive notice of the entry of the order within twenty-one days. Fed. R.App. P. 4(a)(5)(A), (a)(6). However, Cook filed the notice of appeal well within the time provided by Rule 4(a)(7)(A)(ii). Accordingly, we have jurisdiction over Cook’s appeal.

. To the extent that Cook's complaint could be read to claim that the police officers violated his constitutional rights, his assertion— that the police would not let him explain what happened in the video store and failed to follow up phone calls — do not suggest that he could show that the police violated his constitutional rights.